# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAVIA WAGNER,**

      **Plaintiff,**

**v.**                                                                       **Case No:   6:18-cv-37-Orl-28KRS**

**GATOR RIVERWOOD, LLC, PNC
BANK NA, DOLLAR TREE STORES,
INC., DAWN CHEN and WINN DIXIE
STORE, INC.,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT DAWN CHEN, d/b/a SUPER WOK (Doc. No. 26)**
>
> **FILED:**      February 9, 2018
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On January 8, 2018, Plaintiff Tavia Wagner filed a complaint against Defendants Gator Riverwood, LLC, PNC Bank, NA, Dollar Tree Stores, Inc., Winn Dixie Store, Inc., and Dawn Chen, asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. Doc. No. 1. The complaint alleges that Ms. Chen is "an individual, d/b/a Super Wo[]k-Port Orange." *Id.* ¶ 5.

On February 9, 2018, Plaintiff filed a return of service for Ms. Chen. Doc. No. 21. The return indicates that the process server served Ms. Chen on the afternoon of January 11, 2018 by

delivering a copy of the summons and complaint to Michelle Wong, a person in charge at Super Wok-Port Orange, who represented that she was authorized to accept service on Ms. Chen's behalf. *Id.* Ms. Chen has not answered or otherwise responded to the complaint and Plaintiff moves for entry of a clerk's default against her.

Florida law provides that:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. . . .

Fla. Stat. § 48.031(1)(a). Substitute service may be made upon the spouse of the person to be served. Fla. Stat. § 48.031(2)(a). If the individual to be served is doing business as a sole proprietor, substitute service may be made upon the individual at his place of business "by serving the person in charge of the business at the time of service if two attempts to serve the owner have been made at the place of business." Fla. Stat. § 48.031(2)(b). Section 48.031 does not authorize any additional means of service of original process.

The return of service does not indicate that any attempt was made to serve Ms. Chen at her residence. Instead, the process server attempted to serve Ms. Chen at her place of business by serving Ms. Wong, the person in charge of the business at the time service was attempted. However, the return of service does not state that at least two prior attempts to serve Ms. Chen at her place of business were made before serving Ms. Wong. Therefore, the record is insufficient to establish that Ms. Chen has been properly served.

In the event that Plaintiff believes service was properly effectuated and chooses to file a renewed motion, any such motion shall explain in detail why service was sufficient under Federal Rule of Civil Procedure 4(e). To the extent Plaintiff relies on Florida law for making service, the

- 3 -

renewed motion shall explain the provision(s) of Florida law upon which Plaintiff relies and how the requirements of Florida law for service have been satisfied.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE