# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAVIA WAGNER,**

   **Plaintiff,**

v.                           Case No:   6:18-cv-37-Orl-28KRS

**GATOR RIVERWOOD, LLC, PNC BANK NA, DOLLAR TREE STORES, INC., DAWN CHEN and WINN DIXIE STORE, INC.,**

   **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This matter comes before the Court *sua sponte*. For the reasons explained below, I respectfully recommend that the Court sever this case into five separate lawsuits and require Plaintiff to pay separate filing fees for each of those lawsuits.

### I. PROCEDURAL BACKGROUND.

On January 8, 2018, Plaintiff Tavia Wagner filed a complaint against Defendants Gator Riverwood, LLC ("Gator"), PNC Bank, NA ("PNC Bank"), Dollar Tree Stores, Inc. d/b/a Dollar Tree Store #332 ("Dollar Tree"), Winn Dixie Store, Inc. d/b/a Winn Dixie Store #2311 ("Winn Dixie"), and Dawn Chen d/b/a Super Wok-Port Orange ("Super Wok"). Doc. No. 1. She asserts claims under Title III of the Americans with Disabilities Act ("ADA"). *Id.*

Plaintiff alleges that she is a qualified individual under the ADA because she has Spina Bifida and requires a wheelchair to ambulate. *Id.* ¶ 3. She alleges that Gator is the lessor, operator and/or owner of the real property (the "Subject Facility"), and the owner of the improvements where

the Subject Facility is located. The remaining Defendants are apparently tenants at the Subject Facility.[1] *Id.* In her complaint, Plaintiff alleges that in December 2017 she "visited the subject properties and was denied full and safe access to all the benefits, accommodations and services of the Defendants." *Id.* ¶¶ 4, 14. Based on these alleged violations, Plaintiff brings a single count (pleaded against all Defendants) for violation of the ADA.

## II.   STANDARD OF REVIEW.

Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

"Courts are 'strongly encouraged' to join claims, parties, and remedies, 'and the [r]ules are construed towards entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Rhodes v. Target Corp.*, 313 F.R.D. 656, 660 (M.D. Fla. 2016) (internal quotation marks omitted) (quoting *Edward-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc.*, No. 8:13-cv-00853-T-27TGW, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)).

Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a "logical relationship" exists between the claims. *Id.* (citing *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1301, 1323 (11th Cir. 2000), overruled on other

---

[1] The complaint does not specifically state that Gator is the landlord and that PNC Bank, Dollar Tree, Winn Dixie and Super Wok are tenants, but the description of the property and the statement of the violations against each defendant support this conclusion. *See, e.g.*, Doc. No. 1 ¶ 5 (identifying Gator as the lessor and owner of the Subject Facility and alleging that PNC Bank, Dollar Tree, Winn Dixie and Super Wok are lessees/operators of the Subject Facility; ¶ 16 (dividing alleged ADA violations between: (1) those attributable to the Subject Facility; and (2) those attributable to PNC Bank, Dollar Tree, Winn Dixie, and Super Wok, individually.

grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). That is, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.'" *Republic Health,* 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361 (5th Cir. 1979)).

Although the logical relationship standard is loose, similar issues of liability alone are not enough to warrant joinder; the claims must also share operative facts. *Rhodes*, 313 F.R.D. at 659 (citing *Edwards-Bennett*, 2013 WL 3197041 at *2). Indeed, courts often sever claims brought against unrelated defendants when the only similarity between them is that they are alleged to have violated the same statute or acted in the same manner. *Bait Prods. Pty Ltd. v. Does 1-73*, No. 6:12-CV-1637-Orl-31DAB, 2012 WL 6755274, at *3 (M.D. Fla. Dec. 14, 2012), *report and recommendation adopted by*, No. 6:12-cv-1637-Orl-31DAB, Doc. No. 23 (M.D. Fla. Feb. 6, 2013) (citations omitted).

Moreover, Rule 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Thus, while Rule 20 is construed broadly, it "does not mandate joinder, and even when joinder is permissible, courts may refuse it or may sever plaintiffs or claims." *Rhodes*, 313 F.R.D. at 659 (quoting *Nelson v. Blue Eyed Holdings, Inc.*, No. 13–60569–CIV, 2013 WL 6238056, at *4 (S.D. Fla. Dec. 3, 2013)). That is, "even if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." *Id.* (quoting *Malibu Media, LLC v. Doe*, 923 F.

Supp. 2d 1339, 1342 (M.D. Fla. 2013)); *see also A.L. v. Walt Disney Parks & Resorts, U.S., Inc.*, No. 6:14-cv-1544-Orl—22GJK, Doc. No. 94, at 2 (M.D. Fla. Oct. 30, 2014) (citations omitted) (noting that the court has broad and inherent discretion to manage its docket by, among other tools, severing claims).

### III.   ANALYSIS.

Landlords and tenants are jointly liable for Title III ADA violations. *See, e.g.*, *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). Thus, it is likely appropriate for a single landlord and a single tenant to be joined as defendants in a lawsuit alleging Title III ADA violations on the tenant's premises—for example, for Gator and PNC Bank to be joined as defendants in an action alleging ADA violations at PNC Bank. *Id.* (reversing dismissal of Title III ADA claims against landlord and single tenant for improper joinder); *see also Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 25, at 4-5 (M.D. Fla. Jan. 26, 2017), *report and recommendation adopted by* Doc. No. 29 (M.D. Fla. Feb. 14, 2017). I am, however, unaware of any authority establishing that individual tenants are jointly liable for *each other's* ADA violations—for example, that Dollar Tree would be jointly liable for an ADA violation that occurred at Winn Dixie. Thus, while Plaintiff may be asserting a right to relief jointly against Gator and its lessees, she is not asserting any right to relief jointly against *all* of the Defendants, and it is not entirely clear that "any right to relief is asserted against [defendants who are joined in one action] jointly, severally, or in the alternative," as required by Rule 20(a)(2)(A).[2]

---

[2] I note that, unlike the complaint in *Kennedy v. Skyview Plaza, LLC*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 1, Plaintiff has structured this complaint to state only one count alleging ADA violations against "all Defendants." Her own detailed listing of ADA violations, however, shows that she is not alleging that all Defendants are liable for all the ADA violations at the Subject Facility. Rather, she has divided up the ADA violations individually. *See* Doc. No. 1 ¶ 16. Plaintiff should not be able to use what amounts to a "shotgun" pleading device to transform this case into one that meets Rule 20(a)(2)(A)'s requirement that that "any right to relief is asserted against them jointly, severally, or in the alternative."

Regardless, assuming that the presence of four separate joint actions in one lawsuit is enough to satisfy Rule 20(a)(2)(A), I recommend that the Court find that joinder is not appropriate in this case because all of the claims do not arise out of "the same transaction, occurrence, or series of transactions or occurrences." Rather, this lawsuit involves five logically distinct and factually separate transactions, occurrences, or series of transactions of occurrences based on the violations alleged to occur at the Subject Facility and those asserted against each lessee. These allegations do not meet the "logical relationship" test because the operative facts of the alleged violations are different—for example, the failure to provide a safe, accessible, ramp with compliant flares leading to the walkway and ATM area at PNC Bank has no relationship to the failure to provide a clear, unobstructed area above the toilet at Dollar Tree. Ultimately, this lawsuit involves nothing more than allegations that four separate lessees of Gator violated the same law. As explained above, standing alone, this is not enough to warrant joinder of claims. *See Rhodes*, 313 F.R.D. at 659 (citing *Edwards-Bennett*, 2013 WL 3197041 at \*2); *Bait Prods. Pty Ltd.*, 2012 WL 6755274, at \*3. Moreover, the fact that Plaintiff encountered these accessibility barriers at the same multi-lessee facility is not enough to transform fundamentally separate ADA violations into "the same transaction, occurrence, or series or transactions or occurrences." Plaintiff encountered separate ADA violations at each lessee's location, and her injuries at each location were distinct. *See Rush*, 779 F.3d at 975 (noting that the district court may have been correct in holding that two tenants of the same shopping center were misjoined to a Title III ADA claim against a landlord and another tenant of the shopping center because the plaintiff's injuries at each were distinct and independent from one another and she did not allege any legal relationship between them); *Kennedy*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 25, at 6, *report and recommendation adopted by* Doc. No. 29

(severing Title III ADA claims asserted against the landlord of a shopping center and its tenants).[3]

Finally, even if I assume that Plaintiff's claims meet the technical requirements for joinder under Rule 20, I recommend that the Court exercise its discretion and sever the claims because keeping the claims in one lawsuit does not serve the purposes of joinder and because of the potential for prejudice, expense, or delay. As explained above, this lawsuit currently involves five parallel sets of ADA violations. All five involve separate facts, and the Defendants may raise separate defenses. The presence of multiple, unrelated defendants may lead to individualized discovery disputes and summary judgment motions that threaten to derail the progress of other claims in the case and prejudice some of the Defendants—for example, if litigation of the claims involving PNC Bank involves prolonged discovery disputes that necessitate altering case management deadlines, the claims against *all* of the other Defendants will be delayed. At the very least, case management in what amounts to five separate lawsuits involving multiple sets of unrelated Defendants will be very difficult—if not impossible—for the Court. *See Bait Prods. Pty Ltd.*, 2012 WL 6755274 at *7 (noting the case management concerns associated with multi-defendant litigation and recommending severance).

Although I recognize that severing the cases may create some additional expense for Plaintiff (in the form of additional filing fees and duplicated attorney work), Plaintiff may recover the filing fee and attorney's fees from Defendants if she prevails in this litigation, thereby minimizing that additional burden. *See* 42 U.S.C. § 12205; *see also Bait Prods. Pty Ltd.*, 2012 WL 6744274 at *7

---

[3] The only possible relationship between these violations is that they may have occurred on the same day (although the complaint does not so allege). Even assuming this to be true, however, the fact that the violations were encountered on the same day does not change the fact that they are distinct violations. The day the violations occurred is not an "operative fact" that is relevant for purposes of the logical relationship test in this case.

(noting that plaintiff could recover filing fees and attorneys' fees if successful with its claims).[4] Any claim that severing the cases will delay Plaintiff's ability to gain access to the properties at issue in this case is also unfounded—it is equally likely that severing the cases will allow her to resolve some of her claims against some of the Defendants more quickly, without having to wait for the resolution of all five cases.

For these reasons, I recommend that the Court sever Plaintiff's claims into five separate lawsuits. *See also Kennedy*, No. 6:16-cv-2128-Orl-22KRS, Doc. No. 25, *report and recommendation adopted by* Doc. No. 29 (severing Title III ADA claims asserted against the landlord of a shopping center and its tenants). The law requires that Plaintiff pay a filing fee for each of the severed claims when those claims are filed in new cases. *See Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 534 (M.D. Fla. 2012) (citing 28 U.S.C. § 1914(a)).

## IV. RECOMMENDATIONS.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

(1) **Sever** this case into separate lawsuits, as specified below, with the claims Plaintiff asserts against Gator and PNC Bank remaining in the instant case;

(2) **Require** Plaintiff to file an amended complaint in this case that asserts only her claims against Gator and PNC Bank;

(3) **Require** Plaintiff to file separate actions for the remainder of her claims and to pay a filing fee for each new case. If Plaintiff continues to assert the claims alleged in the

---

[4] Any claim that Gator will be prejudiced if the claims are severed would also be overstated. While Gator will find itself a defendant in five separate actions, the facts of the actions are so distinct that Gator's duplication of effort should be minimal. Indeed, it is equally likely that Gator will find it easier to deal with one other Defendant at a time, rather than trying to coordinate with all four of the Defendants on every issue that may arise.

current complaint, the separate actions should be filed as follows:

a. One action asserting the claims she pursues against Gator and Dollar Tree;

b. One action asserting the claims she pursues against Gator and Winn Dixie;

c. One action asserting the claims she pursues against Gator and Super Wok; and

d. One action asserting the claims for which Gator is solely liable (the violations identified in Paragraph 16(a)-(d) of the current complaint).

(4) **Require** the Clerk of Court to advise chambers when the severed claims are filed as new cases so that the Court may consider whether to consolidate all cases filed pursuant to this Order before the same District Judge and Magistrate Judge.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 13, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE