UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE No.: 6:18-cv-37-Orl-28KRS

TAVIA WAGNER,

  Plaintiff,

vs.

GATOR RIVERWOOD, LLC, PNC BANK NA,
d/b/a PNC BANK, DOLLAR TREE STORES, INC.,
DAWN CHEN, and WINN DIXIE STORE, INC.,

  Defendants.
_____/

### PLAINTIFF'S OBJECTIONS TO THE FEBRUARY 13, 2018 REPORT AND RECOMMENDATION

Pursuant to the Report and Recommendation entered by Magistrate Judge Spaulding in Case No. 6:18-cv-00037-Orl-28KRS entered on February 13, 2018 [D.E. 30], Plaintiff, Tavia Wagner, submits her objections to the Report and Recommendation (hereinafter the "R&R).

**I.  PROCEDURAL BACKGROUND**

Plaintiff agrees with Magistrate Judge Spaulding's procedural background [D.E. 30, pgs 1-2].

**II.  STANDARD OF REVIEW**

Plaintiff agrees with Magistrate Judge Spaulding's standard of review [D.E. 30. pgs 2-4].

1

### III.  ANALYSIS

1. Begging to differ with the learned Magistrate Judge Spaulding and with all due respect, Plaintiff suggests that the Defendants are properly joined.

2. Americans With Disabilities Act (ADA) cases are a horse of a different color or bird of a different feather from commercial cases such as Bait Products Pty LTD v. Does 1-73, No.6:12-cv-1637-GAP-DAB.  ADA cases go to the heart of civil rights while commercial cases deal with money.  ADA cases go to basic human dignity that is being denied to the disabled while commercial cases go to profits for the investors.

3. Probably the best way to think about this issue is to take a common-sense approach to the facts in view of the R&R.

4. The learned judges of the Middle District have very rationally instituted a Scheduling Order tailored to meet the particular circumstances of ADA cases [D.E 9].  This Order expedites resolution of ADA cases which produces a positive result for the Court, Plaintiffs and Defendants in keeping with the spirit of the ADA.

5. Specifically, in this case, presently sixty (60) percent of the Defendants have already settled.  A Notice of Settlement was filed as to Dollar Tree on February 1, 2018[D.E. 13]. A Notice of Settlement was filed as to PNC Bank NA on February 21, 2018[D.E.33]. A Notice of Voluntary Dismissal was filed as to Winn Dixie Store, Inc. on February 23, 2018[D.E. 34].

6. Plaintiff has filed a Second Motion for Clerk's Default as to Dawn Chen [D.E. 35].  If granted, then for all intents and purposes this Defendant will be resolved but for the modifications necessary to make the public accommodation comply with the ADA and reasonable attorney's fees and costs.

7. Finally, Plaintiff and Gator Riverwood, LLC are involved in good faith expedited settlement negotiations to resolve the final Defendant. Plaintiff believes that but for circumstances necessitating the Unopposed Motion for Extension of Time granted by this Court, which was greatly appreciated, that this Defendant would be resolved, as well.

8. It appears that these facts indicate that this case has resolved quite satisfactorily without the need to sever the Defendants. Plaintiff would respectfully suggest that there has been no prejudice, expense or delay. On the contrary, joinder has, at the very least, saved Defendants money as to the single filing fee cost. As well, joinder appears to have also benefited the Court with judicial economy. It appears that there have been no individualized discovery disputes and summary judgment motions, which were all reasonable concerns of the Magistrate.

9. Plaintiff would respectfully suggest that the expeditious resolution of these Defendants may very well be due to the reasonable and cordial interaction between the Plaintiff and Defendants. Although litigation is inherently contentious, clear headed counsel on both sides of a matter can resolve issues fairly and as inexpensively as possible for all involved. Plaintiff takes the position that should compliance not be achieved within a reasonable time that enforcement will follow. Plaintiff's counsel takes the position that only reasonable attorney's fees and costs are allowed.

10. Plaintiff has been a plaintiff in sixteen (16) ADA cases. The average time of resolution of Plaintiff's cases has been one hundred and five (105) days. However, there are two cases awaiting final orders from the Court not included in this computation. The standard in the Scheduling Order for ADA cases allows one hundred thirty-five (135) days. Plaintiff's cases resolve on a time frame less than the requirements set forth in the Order.

11. Plaintiff's counsel has been of record on forty (40) ADA cases. The average time of resolution of counsel's cases has been approximately one hundred thirteen (113) days. However, there are two cases awaiting final orders from the Court not included in this computation. Again, the standard in the Scheduling Order for ADA cases allows one hundred thirty-five (135) days. Plaintiff's counsel's cases resolve on a time frame less than the requirements set forth in the Order.

12. Regardless of the good intentions and reasonableness of most counsel, as the Magistrate has correctly suggested, things can go wrong. Deceased ADA Plaintiff, Pamela Collins, encountered such a situation in Collins v. Pagano's Bros Inc., No. 6:17-cv-152-CEM-GJK. Judge Carlos Mendoza admonished defense counsel with the following: "Instead, Defense counsel decided to waste the Court's time with petty, unprofessional accusations. The second Motion for Order to Show Cause will be denied." [D.E. 17, p. 2]. Fortunately, such a situation does not exist in this case.

## IV.   CONCLUSION

Relying on the specific facts of this case and the track record of the Plaintiff and Plaintiff's counsel in resolving cases without prejudice, expense, delay, individualized discovery requests or summary judgment motions, Plaintiff requests that the Court not adopt the Report and Recommendation of Magistrate Judge Spaulding. However, understanding the Magistrate's position, Plaintiff does not suggest that in some ADA cases with plaintiffs and plaintiffs' counsels having filed thousands of cases that severing may not be appropriate.

Alternatively, should the Court be inclined to adopt the R&R, then Plaintiff would request that Plaintiff be required to file an amended complaint only as to Gator and Chen, as the other Defendants have resolved.

**WHEREFORE**, Plaintiff respectfully requests that the Report and Recommendation not be adopted and confirmed.

Dated this 26th day of February, 2018.

By:/S/Joe M. Quick, Esq.
Joe M. Quick, Esq.
Bar Number 0883794
Attorney for Plaintiff
Law Offices of Joe M. Quick, Esq.
1224 S. Peninsula Drive #604
Daytona Beach, Florida 32118
Telephone: 386.212.3591
Email: JMQuickEsq@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record, corporation, or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

DAWN CHEN d/b/a SUPER WOK
4031 S. Nova Road, Suite A
Port Orange, Florida 32127
Via US Mail

                                                 By:/S/Joe M. Quick, Esq._____
                                                 Joe M. Quick, Esq.
                                                 Bar Number 0883794
                                                 Attorney for Plaintiff
                                                 Law Offices of Joe M. Quick, Esq.
                                                 1224 S. Peninsula Drive #604
                                                 Daytona Beach, Florida 32118
                                                 Telephone: 386.212.3591
                                                 Email: JMQuickEsq@gmail.com