IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:18-cv-00037-JA-KRS

TAVIA WAGNER,

      Plaintiff,

vs.

GATOR RIVERWOOD, LLC, a
Florida limited liability company;
PNC BANK NA, a Delaware
corporation d/b/a PNC Bank; DOLLAR
TREE STORES, INC., a Virginia
corporation d/b/a Dollar Tree Store
#332; DAWN CHEN, an individual
d/b/a Super Wok – Port Orange; and
WINN DIXIE STORE, INC., a Florida
corporation d/b/a Winn Dixie Store #2311,

      Defendants.
_____/

**DEFENDANT, GATOR RIVERWOOD, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

      Defendant, Gator Riverwood, LLC ("Gator"), by and through undersigned counsel,

hereby answers the Complaint filed by Plaintiff, Tavia Wagner ("Plaintiff"), and states:

      1.     Without acknowledging the existence of the remedies sought for Plaintiff's

entitlement to relief, Gator admits the Court has jurisdiction.

      2.     Gator is without sufficient knowledge to admit or deny the allegations in

paragraph 2 of the Complaint, and demands strict proof thereof.

1

3.      Gator is without sufficient knowledge to admit or deny the allegations in paragraph 3 of the Complaint, and demands strict proof thereof.

4.      Gator is without sufficient knowledge to admit or deny the allegations in paragraph 4 of the Complaint, and demands strict proof thereof.

5.      Gator admits that it is a Florida limited liability company who conducts business in the State of Florida.  Gator further admits that it is the owner of the shopping center commonly known as the Riverwood Shopping Center which has a street address of 3997-4031 S. Nova Road, Port Orange, FL 32127, but denies that it is the owner of the parcel presently occupied by Defendant, PNC Bank NA.  Gator is without sufficient knowledge to admit or deny the remaining allegations in paragraph 5 of the Complaint, and demands strict proof thereof.

6.      Gator is without sufficient knowledge to admit or deny the allegations in paragraph 6 of the Complaint, and demands strict proof thereof.

7.      Paragraph 7 of the Complaint contains no factual allegations to which an answer is required.  To the extent that an answer is required, Gator refers to the American's With Disabilities Act, as amended, and denies Plaintiff's characterization of the same.

8.      Paragraph 8 of the Complaint contains no factual allegations to which an answer is required.  To the extent that an answer is required, Gator refers to the American's With Disabilities Act, as amended, and denies Plaintiff's characterization of the same.

9.      Paragraph 9 of the Complaint contains no factual allegations to which an answer is required.  To the extent that an answer is required, Gator refers to the American's With Disabilities Act, as amended, and denies Plaintiff's characterization of the same.

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

10.     Gator denies that the "Defendants are places of public accommodation." Gator is without sufficient knowledge to admit or deny the remaining allegations in paragraph 10 of the Complaint, and demands strict proof thereof.

11.     Gator denies that the building and/or Subject Facility is a public accommodation.  Gator is without sufficient knowledge to admit or deny the remaining allegations in paragraph 11 of the Complaint, and demands strict proof thereof.

12.     Gator is without sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint, and demands strict proof thereof.

13.     Denied.

14.     Gator is without sufficient knowledge to admit or deny the allegations in paragraph 14 of the Complaint, and demands strict proof thereof.

15.     Paragraph 15 of the Complaint contains no factual allegations to which an answer is required.  To the extent that an answer is required, Gator refers to the American's With Disabilities Act, as amended, and denies Plaintiff's characterization of the same.

16.     Gator denies Plaintiff's allegation of discrimination.  Gator is without sufficient knowledge to admit or deny the remaining allegations in paragraph 16 of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(a) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(a) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(b) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(b) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(c) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(c) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(d) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(d) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(e) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(e) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

(f) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(f) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report. Accordingly, Gator demands strict proof thereof.

(g) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(g) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report. Accordingly, Gator demands strict proof thereof.

(h) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(h) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report. Accordingly, Gator demands strict proof thereof.

(i) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(i) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report. Accordingly, Gator demands strict proof thereof.

(j) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(j) of the Complaint as Plaintiff has failed to provide an expert's

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(k) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(k) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(l) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(l) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(m) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(m) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(n) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(n) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon

Tobin & Reyes, P.A.
Mizner Park Office Tower • 225 N. E. Mizner Boulevard, Suite 510 • Boca Raton, Florida • 33432

information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(o) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(o) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(p) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(p) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(q) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(q) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

(r) Gator is without sufficient knowledge to admit or deny the allegations in paragraph 16(r) of the Complaint as Plaintiff has failed to provide an expert's report purporting to identify any specific alleged barriers, and, upon information and belief, Plaintiff does not have such a report.  Accordingly, Gator demands strict proof thereof.

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

17.     Gator is without sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint, and demands strict proof thereof.

18.     Gator is without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint, and demands strict proof thereof.

19.     Denied.

20.     Gator is without sufficient knowledge to admit or deny the allegations in paragraph 20 of the Complaint, and demands strict proof thereof.

21.     Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Gator admits the Court has authority to grant injunctive relief under the ADA.  Gator specifically denies Plaintiff's entitlement to any injunctive relief.

22.     Any allegation in the Complaint not specifically admitted herein is denied.

**Affirmative Defenses**

23.     <u>First Affirmative Defense</u>. Gator asserts that to alter the subject premises to the extent requested by Plaintiff would constitute undue hardship including, but not limited to, significant difficulty and expense, and therefore all of the modifications sought by Plaintiff are not readily achievable.

24.     <u>Second Affirmative Defense</u>.  In paragraph 17 of his Complaint, Plaintiff acknowledges that the list of allegedly unlawful barriers set forth in paragraph 16 is purportedly not exhaustive.   To the extent that some or all of Plaintiff's requested modifications are not readily achievable and/or are not technically feasible, Plaintiff fails to state a claim for injunctive relief.

8

25.     <u>Third Affirmative Defense</u>.  In paragraph 17 of his Complaint, Plaintiff acknowledges that the list of allegedly unlawful barriers set forth in paragraph 16 is purportedly not exhaustive.  To the extent that Plaintiff lacks standing to raise at least some, if not all, of his claims of alleged violations of the ADA, this Court lacks subject matter jurisdiction.

26.     <u>Fourth Affirmative Defense</u>.  In paragraph 17 of his Complaint, Plaintiff acknowledges that the list of allegedly unlawful barriers set forth in paragraph 16 is purportedly not exhaustive.  To the extent Plaintiff seeks the provision of auxiliary aids by and through this action, Gator asserts that such modifications would fundamentally alter the nature of the goods, services, facilities, privileged, advantages or accommodations.

27.     <u>Fifth Affirmative Defense</u>.  In paragraph 17 of his Complaint, Plaintiff acknowledges that the list of allegedly unlawful barriers set forth in paragraph 16 is purportedly not exhaustive.  To the extent Plaintiff seeks the provision of auxiliary aids by and through this action, Gator asserts that all of some of such modifications would create a direct threat to the Plaintiff and/or to other third persons.

28.     <u>Sixth Affirmative Defense</u>.   To the extent that Plaintiff irregularly, occasionally, and infrequently visited the subject premises and/or cannot prove any legitimate, concrete plans to use subject facility in the future, Gator asserts that Plaintiff lacks the requisite standing to bring the instant lawsuit for injunctive relief against Gator.

29.     <u>Seventh Affirmative Defense</u>.  Plaintiff lacks standing to seek relief for the removal of barriers not actually encountered and of which there was no notice at the time of the filing of this Complaint.

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

30.     <u>Eighth Affirmative Defense</u>.  Plaintiff lacks standing to bring this action for

relief against Gator in that Plaintiff has never patronized the Property and has no definite

intention of patronizing the Property in the future.  Plaintiff's alleged desire to seek access

to the Property is not for the purpose of using the Property or obtaining access to the goods

and services therein, but solely for the purpose of determining compliance with the ADA.

Therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules

of Civil Procedure.

31.     <u>Ninth Affirmative Defense</u>.  Plaintiff lacks standing to bring an action for

relief against Gator for purported discrimination and denial of access to goods and services,

facilities or portions of the Property (a) to which Plaintiff did not seek access prior to filing

of this action; (b) of which Plaintiff had no knowledge prior to commencement of this

action; and (c) that are not related to Plaintiff's disabilities.

32.     <u>Tenth Affirmative Defense</u>.  The Property that is the subject of this action

and the barriers of which Plaintiff complains were built prior to the 1992 benchmark date

for ADA regulation, the ADA does not require such facilities to adhere to the published

regulations of the Department of Justice for new construction, as alleged by Plaintiff, but

requires owners of public accommodation only to "remove architectural barriers, and

communication barriers that are structural in nature, in existing facilities . . . where such

removal is readily achievable."

33.     <u>Eleventh Affirmative Defense</u>.  Alternatively, Gator has and intends to

remove such barriers whose removal is readily achievable and was and is in the continuing

process of removing same when this action was filed; and has sought to provide alternate

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

facilities or access for those that were not.  If Gator successfully removes all barriers from its facilities prior to an alteration in the legal relationship between the Plaintiff and Gator, then the Plaintiff's claims for attorneys' fees and costs should be denied.

34.   <u>Twelfth Affirmative Defense</u>.   If not compliant with the exact measurements of the ADA, the Property is compliant within allowable tolerances under the applicable building and ADA provisions.

WHEREFORE, Defendant, Gator Riverwood, LLC, having fully answered the Complaint filed by Plaintiff, Tavia Wagner, moves this Court to dismiss the Complaint, with prejudice, together with attorneys' fees and costs and any such other and further relief as this Court deems just and proper.

WE HEREBY CERTIFY that on March 9, 2018, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Joe M. Quick, Esq., Law Offices of Joe M. Quick, Esq., Attorney for Plaintiff, 1224 S. Peninsula Drive, #604, Daytona Beach, Florida 32118 email: jmquickesq@gmail.com.

Respectfully submitted,

 s/Carrie Stolzer Robinson
Ricardo A. Reyes, FBN 864053
Carrie Stolzer Robinson, FBN 0354030
TOBIN & REYES, P.A.
Attorneys for Gator Riverwood, LLC
Mizner Park Office Tower
225 N. E. Mizner Blvd., Suite 510
Boca Raton, Florida 33432
Phone: (561) 620-0656
Fax:    (561) 620-0657
rar@tobinreyes.com
csrobinson@tobinreyes.com
eservice@tobinreyes.com